# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STANLEY KEITH MIYABARA,<br><br>Plaintiff,<br><br>v.<br><br>MAYLENE SUTERA, *et. al.*,<br><br>Defendants. | Case No. 2:22-cv-02180-CDS-BNW<br><br>**SCREENING ORDER AND<br>REPORT AND RECOMMENDATION** |

Before the Court is pro se Plaintiff's Amended Complaint. ECF No. 13. Given the Court does not believe this complaint can be cured by further amendment, it recommends that it be dismissed with prejudice.

The Court previously screened Plaintiff's 128-page complaint, dismissed Plaintiff's complaint without prejudice, and ordered Plaintiff to file an amended complaint (if he so chose). ECF No. 7. Initially, Plaintiff did not file an amended complaint by the ordered deadline and the Court subsequently filed a Report and Recommendation that this case be dismissed without prejudice. ECF No. 8. Plaintiff then filed a Motion for Assistance, and the Court vacated its Report and Recommendation to allow Plaintiff another opportunity to file an amended complaint in compliance with the Court's order at ECF No. 7.

The Court now screens Plaintiff's Amended Complaint as required by 28 U.S.C. § 1915(e)(2).

**I.     Analysis**

In screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it contains "claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

Here, Plaintiff once again fails to state a claim upon which relief can be granted. Like his initial complaint, the amended document is difficult to follow. Though he references a "domestic/international [...] terrorism complaint," negligence, obstruction of justice, and matters of national security and public safety, none of these claims are substantiated by alleged facts. ECF No. 13. Plaintiff makes various demands of the Court, questions the existence of Court members, and asserts that he is President of the United States of America and Chief Magistrate. *Id.* It is also unclear how the named defendants are implicated. Additionally, Plaintiff does not adequately explain the grounds for the Court's jurisdiction, instead stating that he himself has "personal jurisdiction" and "universal jurisdiction." *Id.* at 3.

Plaintiff continues to argue that his original complaint meets the screening standard and relies on it to support his instant amended complaint. *Id.* at 1. However, the Court specifically stated in its previous order that "the amended complaint must be complete in and of itself without reference to prior pleadings or other documents." ECF No. 7 at 2. Due to the deficiency and incoherence of Plaintiff's claims and his failure to comply with the Court's previous order, Plaintiff's Amended Complaint should be dismissed with prejudice.

## II. Conclusion

**IT IS THEREFORE RECOMMENDED** that Plaintiffs' Amended Complaint (ECF No. 13) be **DISMISSED** with prejudice and this case closed.

## III. Notice

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within 14 days of being served with it. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 18, 2023

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE